NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JINYAN NI,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-71075

Agency No. A200-800-265

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020[**]
Honolulu, Hawaii

Before:  WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Jinyan Ni seeks review of the decision of the Board of

Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial of her

applications for asylum and withholding of removal on adverse credibility grounds.

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks omitted).

In affirming the IJ's adverse credibility determination, the Board relied on the IJ's findings that Ni's testimony was inconsistent or implausible. *See id.* at 1044 (holding that under the totality of the circumstances standard, an IJ may rely on inconsistencies and "any other relevant factor"). The Board cited the inconsistency between Ni's testimony and her asylum officer's notes for whether Ni knew that her visa application contained false information, and her changing testimony regarding whether her son had contact with his father. The Board also highlighted the implausibility of Ni's testimony that she learned she was one to two months pregnant based on a urine test. The IJ was not compelled to accept that a urine test is probative of the gestation period. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (holding that an IJ must consider but need not accept

2

explanations for inconsistencies).  Lastly, the Board cited Ni's unclear testimony regarding the date when her household registration booklet was revised to reflect that she was divorced and the reason why the booklet was issued six years after her marriage and her son's birth, as well as Ni's failure to provide any explanation on appeal.

Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous.  The petition for review is **DENIED**.